24375.   HAY v. STEPHENS, Mayor.

SUBMITTED NOVEMBER 15, 1967—DECIDED NOVEMBER 22, 1967.

*Albert A. Roberts*, for appellant.

*Ezra E. Phillips*, for appellee.

MOBLEY, Justice.   This appeal by William C. Hay is from an order denying a mandamus absolute and dismissing his application for mandamus against Otis H. Stephens, Sr., as Mayor of the City of East Point.   By his petition the appellant sought to require the mayor to execute a warranty deed to him conveying property belonging to the city on which the appellant had made the highest bid pursuant to invitations to bid sent out under a resolution of the city council.   The resolution and invitations to bid reserved the right of the city to reject all bids.

The case was decided on a stipulation in which the parties agreed on the following facts:   The Council of East Point is comprised of the appellee as Mayor, W. O. Walters, Mayor Pro Tempore, Mrs. Ruth Gunter, Provisional Mayor Pro Tempore, and six other named persons.   On August 1, 1967, the purchasing agent of the city received four sealed bids for the purchase of described property belonging to the city, the appellant making the highest bid, that of $71,260.   The Purchasing Committee of the city recommended that this bid be accepted.   Pursuant to the requirements of the charter of the city, the city council convened on August 7, 1967.   When the council convened, Mayor Stephens, Mayor Pro Tempore Walters, and a named council-

man were absent, and the meeting was presided over by Provisional Mayor Pro Tempore Ruth Gunter. By a vote of three to two the motion was carried that the bid of the appellant be accepted. The mayor has the right under the charter of the city to veto all but certain specified actions of the council within three days. The mayor "was away from the City of East Point on August 7, 1967, and continuously thereafter until about 8:00 p.m. of August 10, 1967, and could not, and did not act as Mayor of said city during such absence therefrom." The mayor was at his home from 7 p.m. until midnight on August 10, 1967, but did not veto the action of council. Mayor Pro Tempore Walters was out of town on August 7 and 8, 1967, and returned to town during the day of August 9, 1967. Sometime prior to 5 p.m. on August 10, 1967, Mayor Pro Tempore Walters filed with the City Clerk of East Point his written veto of the bid of the appellant, giving as his reason for such veto that it was his information that after the sealed bids were opened the city had received an offer from one of the bidders to increase his bid to $5,000 above the bid of the appellant. At no time from August 7 through August 10, 1967, was the mayor disabled or disqualified to veto the action of council of August 7, 1967. On August 14, 1967, the appellant tendered to the mayor $71,260 in cash, but the mayor declined to accept the money and declined to execute a warranty deed to the appellant.

The only legal question involved in the case is whether the Mayor Pro Tempore of the City of East Point had authority to veto the action of the City Council of East Point under the facts stipulated.

The charter of the City of East Point, as amended by Ga. L. 1959, pp. 2284-2286, states the duty and authority of the mayor in regard to the exercise of the veto power as follows: ". . . he shall have power to veto any action of the city council except its appointment of officers or employees, and except an impeachment resolution against the mayor, or a resolution of removal of the mayor; and no act shall take effect over such veto unless subsequently passed by the affirmative vote of at least five councilmen on a yea and nay vote duly recorded on the minutes of the city council; and action of the city council,

unless disapproved by the mayor's veto filed in writing with the city clerk within three days from the date of such action, with the reasons for withholding his assent, shall take effect as if signed and approved by the mayor, but if he approves it the measure shall go into effect immediately upon such approval." The charter, as amended by the 1959 Act, supra, provides that the city council in January of each year shall elect one of its members mayor pro tempore for that year, "who shall discharge the duties and exercise the powers and authority of mayor in the absence, disability or disqualification of the mayor. . ." It further provides that in case neither the mayor nor mayor pro tempore "can attend to or discharge the duties of mayor, whatever the cause, the city council shall elect from its membership a provisional mayor pro tem. to act until a mayor or mayor pro tem. can act, . . ."

It is asserted by the appellant that the veto power of the Mayor of the City of East Point is vested solely with him until he dies, resigns, becomes disabled, or disqualified. This contention is not sustained by the language in the charter providing that the mayor pro tempore shall "discharge the duties and exercise the powers and authority of mayor in the absence, disability or disqualifiaction of the mayor." This language leaves no question to be decided in the present case except a determination of the meaning of the words "in the absence . . . of the mayor" as applied to the facts of the present case.

The appellant poses many puzzling questions concerning situations that might arise in regard to the assumption of duties of the mayor by the mayor pro tempore and provisional mayor pro tempore. We are confronted with none of these in the present case. The parties have stipulated that the mayor was away from the city and could not, and did not, act as mayor of the city during the time the mayor pro tempore filed his veto to the action of council. The mayor has not challenged the right of the mayor pro tempore to veto the action of council in accepting the bid of the appellant, but has upheld this veto by declining to execute a warranty deed to him. Whether or not the words "in the absence . . . of the mayor" may have other meanings besides that dealt with in the present case,

we think the absence of the mayor from the city as stipulated by the parties is absence within the meaning of the provision giving authority to the mayor pro tempore to "discharge the duties and exercise the powers and authority of the mayor in the absence . . . of the mayor," and gave the mayor pro tempore the right to exercise the mayor's power of veto. Compare City of Tucson v. Arizona Mortuary, 34 Ariz. 495, 515 (272 P 923); Freint v. Borough of Dumont, 108 N. J. L. 245 (2), 248 (157 A 382); McQuillin, Municipal Corporations (3d Ed.), Vol. 5, p. 229, § 16.40.

The trial judge did not err in denying the mandamus absolute, and dismissing the application for mandamus.

*Judgment affirmed. All the Justices concur.*